ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133

| | |
|---|---|
| COUNTY OF YORK ) | SIXTEENTH JUDICIAL CIRCUIT |
| ) | |
| ) | |
| LATOLCIA HOWARD, as Personal ) | |
| Representative of THE ESTATE OF ) | |
| SY'VEON HOWARD, ) | **SUMMONS** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | DOCKET NO. 2021-CP- |
| ) | |
| CIRCLE K STORES INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your pleading to said Complaint upon the subscribers at their offices at 1017 Chuck Dawley Blvd., Suite 200, Mount Pleasant, SC 29464, within 30 days after the service hereof, exclusive of the day of such service, and if your fail to answer the Complaint within the time aforesaid, the Plaintiffs will apply to the Court for judgment by default for the relief demanded in the Complaint.

 

BY:    *s/ Daniel R. Dalton*_____

Daniel R. Dalton
Attorney for Plaintiff
South Carolina Bar No. 103752

MICKELSEN DALTON LLC
1017 Chuck Dawley Boulevard
Suite 200
Mount Pleasant, SC 29464

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF YORK ) | SIXTEENTH JUDICIAL CIRCUIT |
| ) | |
| ) | |
| LATOLCIA HOWARD, as Personal ) | |
| Representative of THE ESTATE OF ) | |
| SY'VEON HOWARD, ) | **COMPLAINT** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | DOCKET NO. 2021-CP- |
| ) | |
| CIRCLE K STORES INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

COMES NOW Plaintiff Latolcia Howard as Personal Representative of Sy'Veon Howard, deceased, by and through undersigned counsel and states as follows:

## INTRODUCTION

1. On the evening of February 19, 2021, Sy'Veon Howard and some friends stopped for snacks at a Circle K gas station located at 681 US 21 Bypass in Fort Mill, South Carolina.

2. When they arrived, they parked in the front row of parking spaces, directly in front of the store.

3. Unbeknownst to Sy'Veon and his friends, a man, armed with a gun, and his female friend were already at one of the gas pumps behind them and on the other side of the lot, filling up.

4. While Sy'Veon and his friends were next to their vehicle, the armed man walked from his vehicle at the pumps to the Circle K store, deliberately choosing a path out of his way so that he could walk right next to Sy'Veon and his friends.

5. Sy'Veon did not know this man.

ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133

6. The man was able to walk inside the store and later, back to his vehicle, without incident, despite deliberately crossing into the path of Sy'Veon and his friends and trying to provoke them with his words.

7. Sy'Veon and his friends ignored the man and kept on with their night.

8. Once the man was back to his vehicle, he finished pumping gas.

9. Rather than leaving, however, the man was allowed to remain at the gas pumps and started yelling at Sy'Veon and his friends.

10. Once the man and his female friend finally started to pull out of the gas pumps, the man fired a gun through the passenger window in the direction of Sy'Veon and his friends.

11. Sy'Veon was struck by a bullet and fell to the ground in the Circle K parking lot.

12. Despite his and emergency personnel's best efforts, Sy'Veon succumbed to his injuries and passed away.

13. At the time of his death, Sy'Veon was only 25 years-old. Sy'Veon and his memory are pictured below:




ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133

ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133





ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133

## **BACKGROUND INFORMATION**

### Prior Incidents

14.     Prior to February 19, 2021, Defendant Circle K Stores Inc. had actual or constructive knowledge of criminal activity at its Circle K gas station located at 681 US-21 Bypass in Fort Mill, South Carolina, in the years leading up to the subject incident.

15.     Circle K Stores Inc. had actual or constructive knowledge that the following criminal activity, among others not specifically identified herein, had occurred on the Defendant's property:

| Date | Crime |
| --- | --- |
| 3/29/15 | Theft |
| 11/10/15 | Larceny |
| 12/27/15 | Disturbance |
| 1/29/16 | Larceny |
| 2/17/16 | Theft |
| 6/12/16 | Disturbance |
| 7/4/16 | Theft |
| 8/22/16 | Fight |
| 9/4/16 | Burglary |
| 9/25/16 | Drug Activity |
| 12/2/16 | Disturbance |
| 12/12/16 | Disturbance |
| 1/18/17 | Trespassing |
| 1/19/17 | Trespassing |
| 1/25/17 | Drug Activity |
| 2/12/17 | Robbery |
| 3/20/17 | Harassment |
| 7/3/17 | Drug Activity |
| 7/13/17 | Burglary |
| 8/30/17 | Theft |
| 9/21/17 | Disturbance |
| 10/15/17 | Disturbance |
| 12/3/17 | Larceny |
| 3/10/18 | Disturbance |
| 4/5/18 | Disturbance |
| 4/8/18 | Disturbance |
| 4/12/18 | Disturbance |
| 4/24/18 | Larceny |

| Date | Incident |
|---|---|
| 7/26/18 | Burglary |
| 8/10/18 | Fight |
| 9/2/18 | Larceny |
| 9/3/18 | Larceny |
| 9/7/18 | Vandalism |
| 9/15/18 | Disturbance |
| 9/16/18 | Drug Activity |
| 9/22/18 | Larceny |
| 9/27/18 | Larceny |
| 10/19/18 | Disturbance |
| 12/22/18 | Fight |
| 12/29/18 | Disturbance |
| 2/16/19 | Larceny |
| 4/11/19 | Disturbance |
| 5/4/19 | Disturbance |
| 5/14/19 | Larceny |
| 7/23/19 | Drug Activity |
| 7/29/19 | Trespassing |
| 8/27/19 | Disturbance |
| 1/5/20 | Robbery |
| 1/19/20 | Larceny |
| 2/11/20 | Larceny |
| 2/28/20 | Disturbance |
| 3/10/20 | Assault |
| 5/9/20 | Larceny |
| 6/16/20 | Disturbance |
| 7/30/20 | Disturbance |
| 10/5/20 | Harassment |
| 10/20/20 | Disturbance |
| 10/30/20 | Larceny |

ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133

16.     As a direct and proximate result of the Defendant's acts and omissions, Sy'Veon Howard was shot and killed – a result that could have been avoided but for the callousness, deliberate indifference and negligence of the Defendant explained in even greater detail below.

## THE PARTIES

17.     Sy'Veon Howard, deceased, was a citizen and resident of Lancaster County, South Carolina and was the innocent 25-year-old victim shot and killed in the Defendant's parking lot. His mother, Latolcia Howard, is the duly appointed Personal Representative of his Estate.

18. Plaintiff Latolcia Howard is a citizen and resident of Lancaster County, South Carolina and is the duly appointed Personal Representative of the Estate of Sy'Veon Howard, deceased, as appointed by the Lancaster County Probate Court on March 31, 2021 (ref. being made to Case No. 2021ES2900229).

19. Upon information and belief, Defendant Circle K Stores Inc. ("Circle K") is a Texas corporation with its principal place of business in Tempe, AZ. Defendant Circle K owned, managed, and/or operated the property at 681 US-21 Bypass in Fort Mill, South Carolina at the time of the shooting of Decedent. Defendant Circle K and its officers, agents and employees, were involved in the acts and/or omissions in York County, South Carolina which give rise to this lawsuit. Defendant Circle K committed tortious acts and/or omissions in York County and is subject to the jurisdiction and venue of this Court. All allegations contained herein against Defendant Circle K also refer to and include the principals, agents, employees and/or servants of said Defendant, either directly or vicariously, under the principals of corporate liability, the completed and accepted doctrine, apparent authority, agency, ostensible agency, and/or *respondeat superior*, and that the acts, practices and omissions of Defendant Circle K employees and/or agents are imputed to their employer, Circle K Stores Inc.

### COUNT I – NEGLIGENCE AND WRONGFUL DEATH

20. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

21. At all times mentioned herein, Defendant Circle K owned, controlled, operated, and/or managed the property located at 681 US-21 Bypass in Fort Mill, South Carolina (hereinafter "the subject premises").

ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133

22. At all times relevant, Defendant Circle K had the legal duty to protect lawful visitors, including Sy'Veon Howard, from reasonably foreseeable third-party criminal attacks. Furthermore, Defendant had a legal duty to keep the premises in a state consistent with the due regard of the safety of its lawful visitors, including the Plaintiff's Decedent.

23. Defendant Circle K should have reasonably foreseen that the conditions at 681 US-21 Bypass were such that safety of lawful visitors might reasonably be endangered, and such lawful visitors exposed to injury due to criminal activity of third persons.

24. Defendant Circle K had a duty to reasonably protect lawful visitors from the foreseeable criminal activity of third persons occurring at 681 US-21 Bypass which were likely to endanger the safety of lawful visitors thereto.

25. Defendant Circle K had a reasonable opportunity to prevent or control foreseeable third-party criminal activity likely to endanger the safety of lawful visitors to 681 US-21 Bypass on February 19, 2021 and relevant dates prior thereto.

26. Defendant Circle K had a duty to reasonably prevent or control foreseeable third-party criminal activity likely to endanger the safety of lawful visitors to 681 US-21 Bypass on February 19, 2021 and relevant dates prior thereto.

27. At all times relevant hereto, Defendant Circle K had a duty to exercise reasonable care to discover criminal activity by third persons, such as that set forth in the "Introduction" and "Background Information" sections above, was occurring and likely to endanger the safety of lawful visitors to 681 US-21 Bypass, and exercise care to reasonably prevent or control such criminal activity upon its discovery.

ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133

28. Defendant Circle K breached its duties owed to lawful visitors of the premises, including Plaintiff's Decedent, by failing to exercise ordinary care to protect them and keep the premises safe.

29. At all times pertinent to the subject February 19, 2021 shooting, Defendant Circle K, by and through their agents, employees and/or servants, was negligent in:

 a. Failing to provide adequate security on the premises;

 b. Failing to adequately assess the need for security on the premises;

 c. Failing to reasonably investigate and or discover the history of criminal activity on the premises;

 d. Failing to monitor activity on the premises that was potentially harmful to others;

 e. Knowingly subjecting lawful visitors of the premises to an unreasonable risk of serious physical harm;

 f. Failing to exercise reasonable care to provide a safe environment for the lawful visitors of the premises;

 g. Failing to provide proper and adequate surveillance of the premises;

 h. Permitting or otherwise ignoring criminal activity on the premises;

 i. Failing to properly train its employees, servants, and agents in recognizing and correcting dangerous conditions and risks to lawful visitors of the premises;

 j. Failing to monitor the performance of its security personnel to ensure the safety of lawful visitors on the premises;

 k. Failing to monitor the performance of its contractors hired to provide security on the premises;

ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133

l.  Failing to hire competent security personnel to ensure the safety of lawful visitors on the premises;

m. Failing to implement and follow security measures commensurate with the recommendations of security experts and consultants;

n.  Failing to implement and follow security measures requested by its on-site property manager(s);

o.  Allowing unauthorized and/or dangerous persons on the premises, contrary to the standard of practice and/or standard of care for a commercial property;

p.  Failing to remove delinquent, dangerous and unauthorized persons from the premises;

q.  Failing to have adequate patrols on the premises so as to deter dangerous activity on the premises;

r.  Failing to warn lawful visitors of the premises, including Plaintiff's Decedent, of the risks of criminal activity on the premises;

s.  Failing to follow the instructions and/or recommendations of law enforcement;

t.  Failing to properly budget or allocate resources so that adequate security measures could be implemented and maintained;

u.  Failing to maintain a policy, procedure, or system of investigating, reporting, and warning of criminal activity on the premises;

v.  Permitting unauthorized and/or dangerous persons to come onto the premises with weapons;

ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133

  w. Failing to restrict access to the premises on February 19, 2021 to only those persons who were lawfully permitted on the premises;

  x. Maintaining, inspecting, securing, patrolling, and managing the premises; and

  y. All other acts of negligence as may be shown at the time of trial.

30. Plaintiff is informed and believes that prior to and on February 19, 2021, the subject premises were negligently maintained, inspected, secured, patrolled and managed.

31. Defendant Circle K had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol and manage said premises, but failed to exercise ordinary care.

32. Defendant Circle K was negligent in failing to maintain, inspect, secure, patrol, and manage the premises, thereby creating an unreasonable risk of injury to lawful visitors, including Plaintiff's Decedent.

33. Defendant Circle K knew of or, with the exercise of due care for the safety of lawful visitors, should have known of the dangerous and hazardous conditions arising from criminal activity existing on the premises combined with the failure to maintain, inspect, secure, patrol, and manage the premises, and that said conditions were likely to result in serious injuries to lawful visitors, including Plaintiff's Decedent.

34. Defendant Circle K owed a duty of care to lawful visitors of the subject premises, including Plaintiff's Decedent, to provide adequate security measures on the premises.

35. Plaintiff is informed and believes that prior to and on February 19, 2021, Defendant Circle K failed to provide adequate security measures on the premises in breach of its duty of care.

36. Defendant Circle K was aware of security deficiencies on the premises prior to the February 19, 2021 shooting at issue.

37. Defendant Circle K failed to remedy the security deficiencies about which it was on notice prior to the February 19, 2021 shooting at issue.

38. Defendant Circle K had actual and constructive knowledge of widespread dangerous, reckless or negligent activity existing on and around the premises prior to the subject incident.

39. Defendant Circle K had actual and constructive knowledge of the regular presence of unauthorized and/or dangerous individuals on the premises, and knew or should have known that this presence created a dangerous environment on the premises.

40. Because Defendant Circle K had knowledge of or, in the exercise of reasonable care, should have had knowledge of the dangerous environment of the premises, Defendant is liable for the negligent supervision, hiring, training, and retention of its employees and for the entrustment of the premises to its partners, agents and employees.

41. Had Defendant Circle K exercised reasonable care in preventing or controlling the foreseeable criminal activity of third-parties, injury to Plaintiff's Decedent likely could have been prevented.

42. The aforementioned negligence detailed in the preceding paragraphs was a proximate cause of the death of Plaintiff's Decedent.

43. Defendant Circle K represented to lawful visitors that the premises were properly maintained and reasonably safe.

ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133

ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133

44. Each of the foregoing tortious acts and omissions constitute an independent act of negligence on the part of Defendant and one or more or all of the above stated acts and omissions was a proximate cause of the death of Plaintiff's Decedent.

45. Sy'Veon's death was the direct and proximate result of the acts and omissions of Defendant. But for said acts and omissions, Plaintiff's Decedent would not have died.

46. Defendant Circle K is liable for the wrongful death of Sy'Veon Howard, his conscious pain and suffering, medical expenses, funeral and burial costs, and all other compensable damages allowed under South Carolina's wrongful death and survivorship laws.

47. Plaintiff is entitled to recover punitive damages from the Defendant because the actions of Defendant and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care which would raise the presumption of conscious indifference to consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendant in an amount to be determined by enlightened conscience of an impartial jury.

WHEREFORE, Plaintiff prays:

48. That process be issued as provided by law;

49. That Plaintiff be awarded actual damages in amounts to be shown at trial from Defendant for all of the prayer;

50. That Plaintiff be awarded all medical or doctor expenses in an amount to be proven through the evidence at the time of trial;

51. That Plaintiff be awarded all general, special, compensatory, economic and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendant and as permitted under South Carolina law;

52. That Plaintiff have and recover damages sufficient to compensate them fully, fairly, and completely for all of their losses compensable under South Carolina law as set forth above;

53. For all costs to be cast against Defendant;

54. That Plaintiff have a trial by jury; and

55. That Plaintiff have such other relief as this Court deems just and proper.

Respectfully Submitted,

                        MICKELSEN DALTON LLC

                        */s/Daniel R. Dalton*
                        Daniel R. Dalton, Esq.
                        Attorney for Plaintiff
                        1017 Chuck Dawley Blvd, Ste 200
                        Mount Pleasant, SC 29464
                        (503) 530-0738
                        danny@mickelsendalton.com

**Mount Pleasant, South Carolina**
Dated: April 7, 2021

ELECTRONICALLY FILED - 2021 Apr 07 1:48 PM - YORK - COMMON PLEAS - CASE#2021CP4601133